OPINION
Defendant-appellant Jeffrey J. Helline appeals the May 9, 2001 Judgment Entry of the Ashland Municipal Court which overruled his motion to suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On February 25, 2001, Trooper David G. Keener of the Ohio State Patrol stopped appellant's vehicle because there was no visible license plate light on appellant's rear plate. Subsequently, appellant was arrested for driving under the influence of alcohol.
On April 13, 2001, appellant filed a motion to suppress all evidence obtained following the traffic stop. Appellant maintained Trooper Keener did not have reasonable suspicion for a valid investigatory stop because the officer did not have reasonable grounds to believe appellant had committed a traffic violation. The trial court conducted a hearing on the motion on February 25, 2001.
At the hearing, Trooper Keener testified he stopped appellant's vehicle while it was northbound on U.S. 250. At that time, Trooper Keener was driving directly behind appellant. Trooper Keener testified he stopped appellant because "there was no visible license plate light on the rear plate.[1]" Trooper Keener also testified that after inspecting the two light bulbs meant to illuminate appellant's rear plate, he noticed one light bulb was burnt out; though the other was functional, it was covered in dirt, and therefore appeared to be out.
Trooper Andrew Topp of the Ohio State Patrol also testified. Trooper Topp arrived at the scene to assist Trooper Keener, and to take appellant to the station for booking. Upon examination, Trooper Topp noticed one light bulb above appellant's license plate was burned out and other was completely covered in "debris, mud or clay."[2] After hearing the testimony, the trial court took the matter under advisement.
In a May 9, 2001 Judgment Entry, the trial court denied appellant's motion to dismiss specifically finding:
 * * * the rear license plate of defendant's vehicle could not be read from 15 to 20 feet from the rear of defendant's vehicle on the night in question. The court finds that the right bulb on the rear license plate of defendant's vehicle was burnt out. The court further finds the left bulb was not providing sufficient illumination as required by law. Therefore, the court finds that the officer had an articulable, reasonable suspicion of criminal activity in that he witnesses a traffic violation on the night in question and therefore had sufficient reason to stop defendant's vehicle.
On May 31, 2001, appellant entered a plea of no contest to the charge of operating a motor vehicle with a prohibited breath alcohol concentration in violation of R.C. 4511.19(A)(3). In a July 6, 2001 Judgment Entry, the trial court found appellant guilty of the offense and sentenced him to fifteen days in the Ashland County Jail with twelve days suspended, placed appellant on probation for a period of one year, and ordered appellant to pay a fine.
Appellant appeals the May 9, 2001 Judgment Entry, assigning the following as error:
 THE TRIAL COURT IMPROPERLY DENIED DEFENDANT'S MOTION TO SUPPRESS WHEN IT RULED THAT THE OFFICER THAT STOPPED THE DEFENDANT HAS REASONABLE GROUNDS NECESSARY TO CONSTITUTIONALLY JUSTIFY THE STOP.
 I.
In appellant's sole assignment of error, he challenges the trial court's denial of his motion to suppress. Appellant maintains the decision of the trial court was against the manifest weight of the evidence. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.[3] Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law.[4] Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.
When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.[5]
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment.[6] Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.[7]
Appellant maintains the trial court erred in denying his motion to suppress because Trooper Keener could not state reasonable grounds sufficient to permit a reasonable articulable suspicion appellant had violated R.C. 4513.05. The statute requires the illumination of rear license plates, and provides, in pertinent part:
* * *
 Either a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate, * * * and render it legible from a distance of fifty feet to the rear. * * *
Appellant maintains Trooper Keener never observed appellant's vehicle from 50 feet to determine whether the registration plate was legible. At the suppression hearing, the following testimony was adduced from Trooper Keener:
 A. I was traveling northbound on U.S. 250, the Defendant was driving a pickup truck ahead of me that I stopped.
Q. And what was the reason for your stop?
 A. There was no visible license plate light on the rear plate.
Q. What did you do after you stopped him?
 A. Made contact, uh, with the Defendant. * * * Um, I checked the license plate, there were two bulbs on the plate, one — one bulb was out, the other bulb was working but had dirt on it and it was not putting enough light on the plate that it was even visible.
* * *
 Q. Um, your testimony is that you were traveling behind the Defendant, how long were you behind the Defendant?
 A. It was just a short distance. I don't recall exactly how long.
 Q. Did you come up on the Defendant in — in a brisk manner or were you traveling behind him for a short distance?
A. I came up behind him while I was traveling on 250.
 Q. And how long were you behind him before you pulled him over?
 A. Just long enough to call, uh, everything into the dispatch, short distance.
Q. What did you call into the dispatch?
A. The license plate number and the location.
 Q. And you read the license plate number while you were traveling behind him?
A. When I got up behind him, yes.
Q. And you could read it from that point?
A. With my headlights on it, yes.
* * *
 THE COURT: e — emitting any light at all, any illumination?
 A. It was, but I think it's more grime and dirt. That was probably the main reason that it was not lighting up the plate, that it appeared that there was no lights working on it. The light bulb itself was working.[8]
The State also presented the testimony of Trooper Topp:
 A. I was called there to meet with that location and I took over when I got there * * *
 Q. Now, prior to taking the Defendant back to the patrol post what, if anything, did you do at the scene regarding the Defendant's truck, did you check out the plate light?
 A. Yes, I did. Um, the truck had been moved, um, the — the truck wasn't towed that night, so we had to move it to a parking spot and as it was being moved I did observe the plate light, um, the left one was out completely, it was burnt. The, uh, the other one, it was — it was completely covered in debris, mud, clay, I don't know what kind of material it was, but it — it — it wasn't visible at all, wasn't visible at all.
Q. The plate wasn't visible?
 A. Right, neither was the plate. I — I — I couldn't tell that the plate light was there.
 Q. Okay. How far behind the vehicle were you when you noticed this?
 A. No more than, uh, a maximum of 15 to 20 feet, maximum.[9]
In his Brief to this Court, appellant maintains the trial judge erred in finding the stop was justified based upon the testimony of Officer Topp, the trooper who arrived after the stop. Specifically, appellant points to the following statement of the trial court, made at the end of the suppression hearing:
 THE COURT: All right. With respect to Trooper Keener's testimony, I am, um, I am having a bit of difficulty there, um, the light — the registration was — was providing some illumination, but it's not clear from his testimony whether it was providing illumination so it would be reasonable for a distance of 50 feet. Trooper Topp, however, does clear this issue up because his testimony I have — is pretty clear that from 15 to 20 feet the bulb that was working was not providing sufficient illumination and it is on the basis of the testimony I'm finding that the license plate light was not in compliance with the law to provide illumination for a period of — of 50 feet.[10]
We agree with appellant the trial court could not rely solely on the testimony of Trooper Topp to find Trooper Keener had reasonable articulable suspicion to stop appellant's vehicle because Trooper Topp's observation of the rear license plate occurred subsequent to the stop. However, our review of the transcript indicates Trooper Keener noticed there was no visible license plate light on the rear plate before he stopped appellant's vehicle. Trooper Keener did not testify he saw some light which was insufficient to illuminate the license plate at fifty feet, rather he testified he saw no visible light on the rear plate. It was not until Officer Keener had stopped the vehicle that he noticed dirt obscured one working light bulb on the rear license plate. Trooper Topp's subsequent observation of the rear license plate served to corroborate Trooper Keener's testimony. Based upon this evidence, we find the trial court correctly found there existed a reasonable and articulable ground to stop appellant.
Appellant's sole assignment of error is overruled.
JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court is affirmed. Costs assessed to appellant.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.
[1] Tr. at 5.
[2] Tr. at 14.
[3] See: State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein
(1991), 73 Ohio App.3d 486, State v. Guysinger (1993),86 Ohio App.3d 592.
[4] See: State v. Williams (1993), 86 Ohio App.3d 37.
[5] State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor
(1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v.Guysinger (1993), 86 Ohio App.3d 592.
[6] State v. Thompkins (1997), 78 Ohio St.3d 380, 387 citing State v.Martin (1983), 20 Ohio App.3d 172, 175.
[7] State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
[8] Tr. at 5, 8, 11-12. (Emphasis added).
[9] Tr. at 14. (Emphasis added).
[10] Tr. at 14, 31-32.